UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUNHA OH,<br><br>Petitioner,<br><br>v.<br><br>ERNESTO SANTACRUZ et al.,<br><br>Respondents. | Case No. 5:26-cv-05472-SB-MBK<br><br>ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS |

Petitioner Eunha Oh, a citizen of South Korea, is detained at Adelanto ICE Processing Center. On September 18, 2026, she filed a petition for a writ of habeas corpus seeking immediate release or, alternatively, another bond hearing. The Court denies the petition in part and dismisses it in part.

I.

Petitioner fled North Korea in 2012 and later obtained South Korean citizenship. Dkt. No. 1 ¶¶ 18, 26. She entered the United States in September 2025 without inspection or a visa and thereafter remained in Los Angeles. *Id.* ¶¶ 35, 36. On August 20, 2026, immigration officers arrested Petitioner while she was attending a scheduled appointment for her asylum application, took her into custody, and transferred her to Adelanto. *Id.* ¶¶ 43–55. Nearly four weeks later, Petitioner received a bond redetermination hearing under 8 U.S.C. § 1226(a). The immigration judge (IJ) heard argument from Petitioner's counsel, including the effect, if any, of a Fourth Amendment violation on bond determinations or the burden of proof. The IJ also admitted Petitioner's evidence over the government's objections. Applying the factors set out in *Matter of Guerra*, 24 I. & N. Dec. 37

(BIA 2006), the IJ denied bond after concluding that Petitioner was a flight risk. Dkt. No. 1-2 at 27–28 of 147.[1]

On September 18, 2026, Petitioner filed this petition, principally arguing that the government violated the Fourth Amendment and 8 U.S.C. § 1357 by arresting her without a warrant, violated due process by failing to provide her an initial custody determination or a predeprivation hearing, and violated due process by providing her with an inadequate bond hearing. She seeks immediate release or, alternatively, a bond hearing at which the government bears the burden of proof by clear and convincing evidence.

II.

A district court may grant habeas relief to a petitioner who demonstrates that she is in custody in violation of federal law. 28 U.S.C. § 2241(c)(3); *see Magana-Pizano v. I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999) (stating that § 2241 permits federal courts to grant habeas relief to aliens detained "in custody in violation of the Constitution or the laws or treaties of the United States"). Petitioner has not shown that she is entitled to relief.

A.

Petitioner contends that her warrantless arrest violated the Fourth Amendment, the Immigration and Nationality Act (INA), and agency regulations. But she has not shown that, even if her initial seizure was unlawful, she would be entitled to release when her continued detention is otherwise lawful. The object of the writ of habeas corpus "is to ascertain whether the prisoner can lawfully be detained in custody," *United States ex rel. Bilokumsky v. Tod*, 263 U.S. 149, 158 (1923), and the "body" of a civil detainee "is never itself suppressible as a fruit of an unlawful arrest," *I.N.S. v. Lopez-Mendoza*, 468 U.S. 1032, 1039–40 (1984). *See Bilokumsky*, 263 U.S. at 158 (explaining that, if a sufficient ground for detention is shown, a petitioner "is not to be discharged for defects in the original arrest or commitment"). Petitioner does not meaningfully dispute the government's independent statutory authority to detain her pending removal proceedings, nor does she explain why an unlawful seizure would invalidate that authority, require release, or entitle her to an additional bond hearing. *See Alvarez-Mendez v. Stock,*

---

[1] Although Petitioner emphasizes that she did not testify during the bond hearing, Dkt. No. 1 ¶ 77, her counsel apparently waived interpretation at the hearing. Dkt. No. 1-2 at 27 of 147.

941 F.2d 956, 960 (9th Cir. 1991) ("Because this case involves a petition for the writ of habeas corpus, and not a claim for damages for illegal detention, the only issue before us is whether Alvarez–Mendez's detention is illegal today."); *Sormunen v. Nagle*, 59 F.2d 398, 398–99 (9th Cir. 1932) (holding that a detainee's contention that he was taken into custody without a warrant was "immaterial" to habeas relief where the detainee was lawfully subject to detention under the relevant immigration statute). Here, the IJ independently determined under § 1226(a) that Petitioner should remain detained because she presented a flight risk. Petitioner has not shown why the alleged illegality of her arrest invalidates that determination or otherwise entitles her to release.

Accordingly, Petitioner has failed to demonstrate that she is entitled to release or a new bond hearing under her warrantless-arrest claim.

B.

Petitioner next asserts that the government violated due process and agency regulations by arresting her at a scheduled immigration appointment and failing to provide an initial custody determination. Although she acknowledges that the remedy for a regulatory violation is to provide the withheld process, Dkt. No. 1 ¶ 117, she argues that these violations, together with the unlawful arrest, warrant release. *Id.* ¶ 118.

Petitioner does not show that the postdeprivation process available to her was insufficient to protect any interest she had in remaining at liberty pending her removal proceedings. The Ninth Circuit has recognized that distinct considerations apply to immigration detention, where the due-process inquiry "can and must account for the heightened governmental interest." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022). Even if Petitioner has a significant liberty interest, the government has a strong interest in enforcing immigration laws. "This is especially true when it comes to determining whether removable aliens must be released on bond during the pendency of removal proceedings." *Id.*; *see also id.* (characterizing the government's interest as being of the "highest order").

Petitioner received a custody redetermination hearing approximately four weeks after her detention, at which she was represented by counsel and had the opportunity to submit evidence. *Id.* (noting that a court must consider the process received during detention and further process available to the detainee). Her disagreement with the outcome of the proceeding does not demonstrate that the postdeprivation process was inadequate. *See Ching v. Mayorkas*, 725 F.3d 1149,

1156 (9th Cir. 2013) ("It is the process that procedural due process protects, not the outcome."). Whether the bond hearing itself was constitutionally adequate presents a separate question, addressed below.

III.

Petitioner's challenge to her bond hearing fails because she has not exhausted her administrative remedies. A noncitizen detained under § 1226(a) who is dissatisfied with an IJ's bond determination "may file an administrative appeal so that 'the necessity of detention can be reviewed by . . . the [Board of Immigration Appeals (BIA)].'" *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (quoting *Prieto-Romero v. Clark*, 646 F.3d 1053, 1059 (9th Cir. 2008)); *see also Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (listing factors a court should consider in deciding whether to waive exhaustion). Like the petitioner in *Leonardo*, Petitioner here seeks "habeas review of the IJ's adverse bond determination before appealing to the BIA"—a "short cut" the Ninth Circuit has held is improper. 646 F.3d at 1160.

Petitioner argues that exhaustion should be excused because the BIA cannot remedy her allegedly unlawful arrest or adjudicate her constitutional challenge to the burden of proof at her bond hearing. She also cites substantial delays in BIA proceedings. None of these arguments justifies bypassing administrative review of the bond determination. The Court has separately addressed her unlawful-arrest claim on the merits. The BIA's inability to remedy that alleged violation does not excuse exhaustion of her distinct challenge to the bond hearing. Courts have also declined to excuse exhaustion based on challenges to the burden of proof. *See, e.g.*, *Monterosa v. Decker*, No. 1:20-cv-02653, 2020 WL 1847771, at *4 (S.D.N.Y. Apr. 11, 2020) (declining to waive prudential exhaustion where the petitioner argued that the BIA would not depart from precedent regarding "the allocation of the burden of proof"). Nor does the prospect of delay alone establish that administrative review would be futile or ineffective. *See Vasquez-Rodriguez v. Garland*, 7 F.4th 888, 896 (9th Cir. 2021) (excusing exhaustion where the agency's position "appears already set" and resort to administrative remedies is "very likely futile"); *Yu v. Noem*, No. 1:25-cv-02040, 2026 WL 1042213, at *2–3 (E.D. Cal. Apr. 17, 2026) (declining to excuse exhaustion based on delays inherent in a BIA bond appeal).

Even if exhaustion were excused, Petitioner has not shown that any deficiency in her bond hearing warrants immediate release. The appropriate remedy is one that the BIA can provide—a new bond hearing.[2]

IV.

Accordingly, the petition is denied as to Counts 1, 2, 3, and 5. Count 4 is dismissed without prejudice for failure to exhaust administrative remedies.

Date: October 13, 2026

Stanley Blumenfeld, Jr.
United States District Judge

[2] Petitioner's contention that the government was required to bear the burden of proof at her initial bond hearing is unpersuasive. *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1167 (9th Cir. 2026), recognizes that a detainee at a § 1226(a) bond hearing bears the burden of demonstrating by a preponderance of the evidence that the detainee is not a flight risk or danger to the community. Petitioner has not shown that the circumstances of her bond hearing required a different allocation of the burden of proof.